{¶ 1} The right to have legal counsel is so fundamental to our system of jurisprudence that it is protected by constitutional provision, statutes, and rules of procedure. As I conclude that the probate court did not adequately protect that right, I must respectfully dissent from that portion of my colleague's decision which rejected appellant's first assignment of error (i.e. failure to appoint legal counsel).
 {¶ 2} The statute applicable to the proceedings before the probate court is R.C. 2111.02(C)(7) which states, as follows:
 {¶ 3} "(7) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:
 {¶ 4} "(a) The right to be represented by independent counsel of his choice;
 {¶ 5} "(b) The right to have a friend or family member of his choice present;
 {¶ 6} "(c) The right to have evidence of an independent expert evaluation introduced;
 {¶ 7} "(d) If the alleged incompetent is indigent upon his request:
 {¶ 8} "(i) The right to have counsel and an independent expert evaluator appointed at court expense;
 {¶ 9} "(ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense."
 {¶ 10} While the rights set forth in the foregoing statute are clear and unambiguous, in many cases they are essentially meaningless if they exist only upon initiation by the alleged incompetent person. This is so because it is preposterous to assume that a person who has such mental illness and/or defect that a guardian is necessary to manage their day-to-day affairs, nonetheless has sufficient capacity to waive a right to legal counsel.
 {¶ 11} Accordingly, it is incumbent upon the probate court to explain the rights of the alleged incompetent and to inquire whether there is an understanding of them. Here, however, the probate court did nothing more than note appellant appeared in court without the legal counsel she previously stated she was going to retain. From this fact it is maintained that the right to independent counsel was waived.
 {¶ 12} I cannot make that assumption because a condition precedent to a valid waiver is awareness and understanding. Here, appellant was diagnosed with "dementia, Alzheimer's type," and "depression and schizophrenia disorder." Despite appellant's mental illnesses, the probate court did not attempt to explain any rights and failed to even inquire if appellant desired to proceed without legal counsel. Therefore, I would reverse and remand the matter back to the probate court.